**The PEOPLE of the State of Colorado, Complainant,**

v.

**David Samuel YOST, Attorney–Respondent.**

**No. 87SA490.**

Supreme Court of Colorado, En Banc.

Feb. 8, 1988.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

David Samuel Yost, pro se.

KIRSHBAUM, Justice.

A formal complaint was filed with the Grievance Committee charging the respondent, David Samuel Yost, with two counts of professional misconduct. On December 7, 1987, the respondent and the disciplinary prosecutor entered into a stipulation, agreement and conditional admission of misconduct providing for a dismissal of the second count of the complaint and recommending that the respondent be suspended from the practice of law for six months and pay the costs of these proceedings. An inquiry panel of the Grievance Committee approved the stipulation and agreement and recommended the imposition of a six-month suspension from the practice of law. We adopt that recommendation.

The respondent was admitted to the Bar of this court on October 17, 1977. On December 3, 1986, the respondent was suspended from the practice of law for three years. The suspension herein ordered shall run consecutively to the three-year suspension previously imposed on the respondent by this court.

The parties have stipulated to the material facts. In 1985, the respondent was retained by Robert L. Day to collect the sum of $9,782.94 owed to Day by Daniel Kish under the terms of a promissory note. The respondent was to retain twenty-five percent of all sums collected as his attorney fees. On September 9, 1985, Mr. Kish commenced payments of $100 each week to the respondent. The respondent sporadically forwarded sums to Mr. Day, less the twenty-five percent fee, as the payments were received in the respondent's office.

On May 20, 1986, the respondent informed Mr. Day that he, the respondent, would waive any further fees and would instruct Mr. Kish to send future payments directly to Mr. Day. Mr. Day called the respondent and accepted the offer in June of 1986.

On July 3, 1986, the respondent requested an accounting from Mr. Kish, and a statement of all the checks Mr. Kish had sent to the respondent's office through July 31, 1986, was received by the respondent in August 1986. That statement revealed that the respondent had failed to account for eight checks, totaling $800, sent to him by Mr. Kish between October 7, 1985, and May 7, 1986. The respondent did not advise Mr. Kish to send payments directly to Mr. Day until September 25, 1986.

On June 10, 1986, the respondent sent the sum of $450 to his client, representing six $100 checks less a twenty-five percent fee. On November 28, 1986, the respondent sent $420 to Mr. Day, together with an explanation. That sum represented the $800 in unaccounted-for checks revealed by Mr. Kish's August statement, less a twenty-five percent fee, less an additional $180 fee for eighteen checks the respondent had forwarded to Mr. Day subsequent to their June agreement. The explanation indicated that the respondent charged a fee of

only ten percent for each of those eighteen checks, rather than twenty-five percent.

During this period of time Mr. Day contacted the respondent on several occasions requesting a reconciliation and accounting. The respondent did not reply. On December 4, 1986, having received a letter from Mr. Kish requesting a statement of account, Mr. Day wrote to the respondent demanding an accounting and the delivery of the original note. On December 10, 1986, Mr. Day again wrote to the respondent, reminding him that in June he had agreed to discontinue his fees, requesting the respondent to call him to correct any misunderstanding, and demanding the return of the promissory note. The respondent sent the original note to Mr. Day on December 10, 1986, but did not further communicate with his client. The respondent has never provided an accounting to Mr. Day.

In representing Mr. Day in this matter, the respondent demonstrated a singular disregard for the interests and legitimate wishes of his client. He also failed to properly account for the sums he collected on behalf of his client, and failed to follow the agreement he and his client had reached regarding the terms of such representation. These acts fell far short of the complete and faithful representation of a client's interests that lies at the heart of the attorney-client relationship.

The respondent's conduct violated C.R.C.P. 241.6 (misconduct by a lawyer), and the following disciplinary rules of the Code of Professional Responsibility: DR1-102(A)(1) (violation of a disciplinary rule); DR6-101(A)(3) (neglect of a legal matter); DR9-102(B)(3) (failure to maintain complete records of client funds and failure to render an appropriate accounting regarding such funds); and DR9-102(B)(4) (failure to promptly pay to a client upon request funds the client is entitled to receive).

This professional misconduct adversely affected the respondent's client and adversely reflects on the respondent's fitness to practice law. In view of the fact that the respondent is currently under suspension from the practice of law, due to prior discipline imposed by this court in unrelated matters, we agree with the conclusion of the Grievance Committee and the stipulation of the parties that the sanction of a suspension for an additional six-month period of time is appropriate under the circumstances of this proceeding. We, therefore, order that David Samuel Yost be suspended from the practice of law for a period of six months, commencing immediately after the expiration of the three-year suspension ordered by this court on December 3, 1986. As a condition of reinstatement, the respondent shall fully satisfy the pertinent terms and conditions of C.R.C.P. 241.22. We further order that the respondent shall pay the costs of this disciplinary proceeding, in the amount of $46.78, to the Colorado Supreme Court Grievance Committee, 600—17th Street, #500–S, Denver, Colorado 80202–5435, within thirty days of the date of this opinion.